FILED

2005 AUG 15 P 12:53

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS | NO. 3:01CR274(AHN) |
| ARTHUR M. SEIGEL | AUGUST 10, 2005 |

## MOTION TO TERMINATE SUPERVISED RELEASE

Defendant represents to the Court and moves as follows:

1. The court sentenced defendant in mid-2002 to a term of imprisonment of 18 months, followed by three years supervised release.

2. Defendant served his term of incarceration at the federal facility at Otisville, New York, and was released in October 2003. He has been on supervised release since that time.

3. The court set a condition of supervised release that defendant serve 20 hours per week of community service for the three year period. Since his release, defendant has completed more than the 20 hours weekly required community service throughout the almost two years. He has lost all his state medical licenses. Based on the requirements of

community service, he has been unable to seek any sort of meaningful employment. He wishes at this time actively to attempt to do something challenging in the job market, although he cannot practice medicine.

4. His community service for the Red Cross in Florida, where he has resided the last year, has included significant guidance work in disaster circumstances created by hurricane emergencies.

5. The continued requirement of 20 hours each week will make it impossible to obtain any responsible employment, even outside his principal expertise as a physician.

6. Although he has not performed his entire 3,120 hours of community service, he has rather consistently logged more than the weekly requirements. We append the only two monthly totals he could find. However, Audrey Martin, defendant's Florida Probation Officer, confirmed to counsel that it was typical for him to log more than the required service hours on a monthly basis.

7. He has paid the cost of his supervised release monthly since his release from incarceration.

8. Defendant cannot represent to the court that he is without funds. However, since his sentencing their resources have shrunk significantly. He has been sued by three large insurance companies for monies claimed far in excess of his restitution payments. The

insurers are claiming millions of dollars in damages for settlements supposedly in excess of what would have occurred without the relatively small number of non-performed EMG tests. They further seek large punitive damages and counsel fees pursuant to the RICO and CUTPA statutes. He and his wife have paid hundreds of thousands of dollars to defend these actions and are looking at further huge sums for the continued defense. In addition, $400,000 was placed in escrow to partially secure a possible judgment in one of the actions.

9. We append a couple of monthly budgets presented to the Probation Officer, which are the only ones he made copies of and retained. They represent a time period before he was sued by the second and third insurance companies, and represented a rather slow period in the first litigation. This year, with much busier discovery, reciprocal summary judgment motions and the later instituted action, expenses have been much, much higher.

10. Defendant understands fully the seriousness of his conduct. In serving almost all of his sentence of incarceration, and most of his supervised release, we believe the interests of justice do not necessarily require that defendant continue to be unemployable because of the 20 hour weekly requirement for further community service.

11. The undersigned has spoken with Assistant United States Attorney Christopher Schmeisser, and the government's position is that they always oppose such motions. Their further position in this case is that they would insist on completion of the 3,120 of community service hours of the sentence.

12. Although defendant has been supervised for the past year by federal probation authorities in Florida, the undersigned has spoken with Chief Probation office Maria McBride of the U.S. Probation Office in New Haven and with Probation Officer Sandra Huet, who supervised defendant before he moved, concerning this request. We also spoke with Audrey Martin who has supervised defendant for his latest period in Florida. Ms. Martin informed me that defendant has been fully compliant and cooperative and that, subject to the court's discretion, she would have no objection to termination of the supervised release at this time.

Wherefore, defendant moves for an order terminating his supervised release after almost two years of supervision, based on the materials here set forth, pursuant to 18 U.S.C, 3583(e)(1); United States v. Spinelle, 835 F.Supp. 987 (E.D. Mich. Oct. 18, 1993); affirmed United States v. Spinelle, 41 F.3d 1056, 1994 (6th Cir.(1994).

THE DEFENDANT,

BY _____
Ira B. Grudberg ct00178
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, CT 06503
Telephone: (203) 772-3100

- 5 -

# EXHIBIT A